UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-CV-24563-COOKE/TORRES

JUAN PICO, individually and
on behalf of all others similarly situated,

    Plaintiff,
vs.

LIBERTY ALL SERVICES, CORP. d/b/a
UNIVISTA INSURANCE and
UNIVISTA INSURANCE CORPORATION,

    Defendants.
_____/

**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
BY DEFENDANT, UNIVISTA INSURANCE CORPORATION**

    Defendant, UniVista Insurance Corporation, pursuant to Fed. R. Civ. P. 12, and other applicable Rules and laws, requests the Court to dismiss the Class Action Complaint based upon the following good cause:

**I. INTRODUCTION**

    Plaintiff failed to state a cause of action against Defendant, UniVista Insurance Corporation, because he failed to allege any facts supporting the claim that it is vicariously liable for the text messaging campaign by Liberty All Services, Corp. Mixed within the boilerplate language of the Class Action Complaint for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, are legal conclusions that UniVista Insurance Corporation "approved, consented to, controlled, and/or ratified" the text message campaign, without alleging any facts supporting these speculative and generic conclusions. Since there are no facts providing anything more than general allegations attempting to connect Defendant Liberty, as a franchisee,

to UniVista Insurance Corporation as its franchisor, the Class Action Complaint must be dismissed.

## II.  THE FACTS

1. Plaintiff filed his Class Action Complaint against Defendants, Liberty All Services, Corp d/b/a UniVista Insurance ("Liberty") and UniVista Insurance Corporation ("UniVista") for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. [ECF No. 1.]

2. Plaintiff identifies the relationship between the Defendants in the Class Action Complaint as UniVista Insurance Corporation being the franchisor and Liberty being a franchisee.[1] *Id.*

3. Plaintiff avers, in broad and general terms, that the franchise agreement between Liberty and UniVista requires Liberty to "promote and market its facility and the UniVista brand". *Id.* at ¶5.

4. Plaintiff makes the following allegation at ¶ 6 of the Class Action Complaint:

> At issue here is Liberty's automated text messaging marketing that was approved, consented to, controlled, and/or ratified by Univista. Further Univista knowingly received and retained monetary benefit from Liberty's telemarketing activities.

5. Plaintiff does not allege any facts detailing any manner, means, or method(s) by which UniVista engaged in the activities to which Plaintiff refers in only a conclusory fashion.

## III.  STANDARD FOR MOTION TO DISMISS

The Eleventh Circuit Court of Appeals analyzed the standard of pleading applicable to claims and recognized that Complaints must not simply rely on vague facts or a formulaic

---

[1] Univista Insurance Corporation, *i.e.*, the entity that Plaintiff sued, is not Liberty's franchisor, is not and has not ever been a franchisor, and is instead a separate legal entity from UniVista Franchise, Corporation. UniVista Insurance Corporation advised Plaintiff of the correct legal entity that operated as Liberty's franchisor and requested that an Amended Complaint be filed in a letter sent on December 10, 2018, but Plaintiff did not seek to amend the Complaint or otherwise respond to that letter.

recitation of the elements of a cause of action in order to withstand a motion to dismiss.

> Fed.R.Civ.P. 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

*Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010). The *Cigna Corp.* Court discussed how *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), changed the standard of pleading by requiring more factual details instead of simply relying on conclusory, vague allegations:

> The Court explained that "[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555, 127 S.Ct. at 1965. The Court ultimately held that **to survive a motion to dismiss, a complaint must now contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."** *Id.* at 570, 127 S.Ct. at 1974. Cautioning that its new plausibility standard is not akin to a "probability requirement" at the pleading stage, the Court nonetheless held that **the standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the claim**. *Id.* at 556, 127 S.Ct. at 1965. The Court was careful to note that "we do not require heightened fact pleading of specifics," but concluded that when Plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id.* at 570, 127 S.Ct. at 1974.

*Cigna Corp.*, 605 F.3d at 1289 [*emphasis added*]. The Court then discussed how the United States Supreme Court's subsequent decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), further modified the standard of pleading:

> In evaluating the sufficiency of Iqbal's complaint in light of *Twombly*'s construction of Rule 8, the Court explained the "working principles" underlying its decision in that case. *Id.* at 1949. First, the Court held that "**the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions**." *Id.* Second, restating the plausibility standard, the Court held that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.' " *Id.* at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). The Court suggested that courts considering motions to dismiss adopt a "two-pronged approach" in applying these principles: 1) **eliminate any allegations in the complaint that are merely legal conclusions**; and 2) where there are well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. Importantly,

> the Court held in *Iqbal*, as it had in *Twombly*, that courts may infer from the factual allegations in the complaint "obvious alternative explanation[s]," which suggest lawful conduct rather than the unlawful conduct the Plaintiff would ask the court to infer. *Id*. at 1951–52 (quoting *Twombly*, 550 U.S. at 567, 127 S.Ct. at 1972). Finally, the Court in *Iqbal* explicitly held that the *Twombly* plausibility standard applies to all civil actions, not merely antitrust actions, because it is an interpretation of Rule 8. *Id*. at 1953. [*Emphasis added*.]

*Cigna Corp.*, 605 F.3d at 1290.

## IV.  ARGUMENT

The Class Action Complaint must be dismissed as against UniVista, because Plaintiff fails to properly allege vicarious liability against it. Plaintiff attempts to hold UniVista vicariously liable for the text message campaign at issue because Liberty is alleged to be a franchisee of UniVista. In the largely boilerplate language of the Class Action Complaint, Plaintiff makes clear that his claim involves, "Liberty's automated text messaging marketing". *Id*. at ¶6. Inasmuch as Plaintiff alleges that "automated text messaging" was sent out by/for Liberty, his claims against UniVista are necessarily vicarious. Plaintiff does not allege any direct action by UniVista for the text message campaign at issue. The problem for Plaintiff is that he never alleges any **facts** to support a theory and/or the accompanying elements to hold UniVista vicariously liable.

Courts permit vicarious liability claims against franchisors to proceed, but only when the plaintiff alleges facts detailing more than just a conclusory or summary involvement in the communications at issue:

> To succeed on this vicarious liability theory, Ms. Thomas must demonstrate that these entities acted as an agent of Taco Bell: that Taco Bell controlled or had the right to control them and, more specifically, the **manner and means** of the text message campaign they conducted. [*Fn. omitted*.] *See United States v. Bonds,* 608 F.3d 495, 506 (9th Cir.2010). "Agency means more than mere passive permission; it involves request, instruction, or command." *Klee v. United States,* 53 F.2d 58, 61 (9th Cir.1931).[*Emphasis added*.]

*Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084–85 (C.D. Cal. 2012), *aff'd,* 582 Fed. Appx. 678 (9th Cir. 2014).

Rather than provide any facts detailing how or why UniVista should be held vicariously liable, Plaintiff merely alleges in a conclusory manner that UniVista "approved, consented to, controlled, and/or ratified" a text message campaign by Liberty, the alleged franchisee. [ECF No. 1 at ¶6.] Alleging only that UniVista "approved, consented, controlled, and/or ratified" the text message campaign – without more – does not constitute an allegation of fact that the Court can consider sufficient to state a cause of action. *See e.g.*, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Florida Crystals Corp.*, 2015 WL 2374426, at *6 (S.D. Fla. May 11, 2015) ("Date Palm's allegations that Roma exercised "dominion and control " over Date Palm's property are legal conclusions relating to its trespass claims and are entitled to no deference".)

Absent from the Class Action Complaint are any facts supporting these bare conclusions, requiring dismissal. "Mere conclusory allegations" such as those contained in the Class Action Complaint fail to assert a claim for vicarious liability under the TCPA as a matter of law. *See Childress v. Liberty Mut. Ins. Co.*, 2018 WL 4684209, at *4 (D.N.M. Sept. 28, 2018) (*collecting cases*); *Melito v. Am. Eagle Outfitters, Inc.*, 2015 WL 7736547, at *7 (S.D.N.Y. Nov. 30, 2015) ("Plaintiffs must allege *some* facts regarding the relationship between an alleged principal and agent (or an alleged agent and sub-agent) and cannot simply allege general control in a vacuum.")

Plaintiff does not allege that UniVista took the type of active role typically required, such as by alleging that UniVista "requested, instructed, or commanded" Liberty to engage in the text message campaign. More importantly, Plaintiff also **fails to allege facts** concerning any way in which UniVista controlled the **manner and means** by which the offending text messages were

transmitted. When facts are not alleged detailing the type of control necessary to state a claim, and only conclusory allegations are asserted, the proper remedy is to dismiss the complaint. *Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 139 (E.D.N.Y. 2015) (Exploring requirements to state a claim for vicarious liability under federal law agency principles and dismissing complaint after concluding that, "[A]bsent from the second amended complaint is any allegations that CCL had the power to give 'interim instructions' to Adsource, or any non-conclusory suggestion of 'direction' or 'control' by CCL of Adsource.")

## V. CONCLUSION

Plaintiff failed to allege any facts that would support a claim for direct liability against UniVista Insurance Corporation, and he likewise Plaintiff failed to alleged sufficient facts which would place UniVista Insurance Corporation on notice of the facts and circumstances giving rise to a cause of action for vicarious liability for a text message campaign purportedly conducted by a separate company, such as by the Defendant, Liberty. Rather than allege facts, Plaintiff merely alleged mere legal conclusions that UniVista Insurance Corporation "approved, consented to, controlled, and/or ratified" a text message campaign by Liberty without any underlying facts in support. Plaintiff failed to assert any factual basis for which a claim can be based against UniVista Insurance Corporation, preferring instead to just labeling the elements of his causes of action as if they were facts. Due to Plaintiff's failure to state a cause of action against UniVista Insurance Corporation for vicarious (or direct) liability, the Court must dismiss the Class Action Complaint against UniVista Insurance Corporation.

Respectfully submitted this 17th day of December 2018.

        **CARRERA & AMADOR, P.A.**
        *Counsel for Defendant,*
        *Univista Insurance Corporation*

By: /s/Juan M. Carrera
     JUAN M. CARRERA, ESQ.
     Florida Bar No. 353191

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served through filing in the U.S. District Court's CM/ECF, which will effect service on Andrew J. Shamis, Esq., Shamis & Gentile, P.A., *Counsel for Plaintiff*, 14 N.E. 1ST Avenue, Suite 1205 Miami, FL 33132, ashamis@shamisgentile.com; and on Scott Edelsberg, Esq., Edelsberg Law, P.A., *Co-Counsel for Plaintiff*, 19495 Biscayne Boulevard #607, Aventura, FL 33180 scott@edelsberglaw.com; and on Santino Ruiz, Esq., Law Group of South Florida, *Counsel for Co-Defendant*, Liberty All Services, Corp, 782 NW 42nd AVE, Suite 528, Miami, FL 33126, sruiz@lawgroupsf.com, and upon all others who appear in this action.

        **CARRERA & AMADOR, P.A.**
        *Counsel for Defendant,*
        *Univista Insurance Corporation*
        221 S.W. LeJeune Road, Third Floor
        Miami, Florida 33134-1751
        Telephone: (305) 441-1544

By: /s/ Juan M. Carrera
     JUAN M. CARRERA, ESQ.
     Florida Bar No.: 353191
     E-Mail: juancarreralaw@aol.com